## Sternberg, Appellant, *v.* Drexel & Co.

*Practice, Superior Court—Assumpsit—Appeal—Case conducted by plaintiff in person—Violation of rules of court—Consideration of record—Not to be taken as a precedent.*

In an action to recover money alleged to have been due for upwards of 20 years, on account of failure by the defendant to perform that for which the money was given, where the defense was that defendant had performed its obligation, and also that the claim was barred by the statute of limitations, an appeal from verdict and judgment for defendant will be dismissed if the record shows that the case was properly tried.

The fact that in this instance the Superior Court considered the record, although the paper-book disregards essential rules of court, because the case was conducted by the appellant in person, apparently without the aid of counsel, is not to be taken as a precedent.

Argued December 13, 1921. Appeal, No. 293, Oct. T., 1921, by plaintiff, from judgment of Municipal Court of Philadelphia, April T., 1921, No. 421, on verdict for defendant, in the case of Benjamin. W. Sternberg v. Drexel & Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Dismissed.

Assumpsit to recover money paid on account of purchase of a draft.

The plaintiff sued to recover $509.38, claiming that he had paid for a draft for 5,000 Kronen, Austrian money, and had been given a draft for only half that amount. The defense was a claim of full performance, and also of the bar of the statute of limitations. The paper-book did not contain a statement of questions involved, or a his-

tory of the case, and was otherwise not in conformity with the rules of court.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were rulings on evidence, and the judgment of the court.

*Benjamin W. Sternberg,* appellant, was heard in person.

No appearance and no printed brief for appellee.

PER CURIAM, March 3, 1922:

Plaintiff brought suit to recover $509.38 alleged to be due by defendant upon a transaction which occurred in March, 1901. Defendant alleged due performance of its obligation. There was a verdict and judgment for defendant.

Appellant's paper-book disregards all the essential rules of this court governing appeals, but, without making this a precedent for such cases, we have considered the record because the case was tried below and presented here by the appellant in person, apparently without the aid of counsel. The record shows that the case was properly tried.

The appeal is dismissed.